(9 Misc. Rep. 215.)

### HOWARD v. MOLLER.

(City Court of New York, General Term.    June 20, 1894.)

NEGOTIABLE INSTRUMENTS—CONSIDERATION—QUESTION FOR JURY.
  Where plaintiff acquired title to the note sued on after maturity, and defendant claims that he made the note for the accommodation of the payee, but his evidence is contradictory, the question as to the consideration of the note should be submitted to the jury.

Appeal from trial term.

Action by John Howard against John A. Moller. From a judgment entered on a verdict directed by the court in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before NEWBURGER, FITZSIMONS, and CONLAN, JJ.

Johnston & Johnston, for appellant.
John R. Farrar, for respondent.

CONLAN, J.   This action was commenced against the defendant as maker of a promissory note.   The complaint alleges the making of the note payable to Russell Bros., before maturity, and for value; also demand, and nonpayment by the maker.   The answer denies the making of the note as alleged, and its ownership for value by the plaintiff, and alleges that the note was made to one Michael McMunn, who was doing business as Russell Bros., as an accommodation, and to enable him to gain an extension of credit where he was then indebted, and upon a promise by said McMunn (who was the Russell Bros. named as payees in the note) that he would in about a week return said note to defendant, and that the plaintiff had knowledge of this understanding.   The evidence of the plaintiff is as follows:

"I had no interest in, nor did I become the owner of, this note, until after it was protested."

The evidence of the defendant is to the effect that the note in question was one of a series of three notes made about February 20th, of same year, to the order of Russell Bros., payable in two, three, and four months, the note in suit being the last of said series. That he was induced to make said notes for the accommodation of the said McMunn.   That at the same time the said McMunn executed a receipt to the effect that the notes in question were for rent of a portion of premises Nos. 149, 151, and 153 Leonard street. The defendant testified:

"The rent was to be paid with the work I should receive from McMunn, as far as these notes were concerned.   I did not agree to pay it with these notes.   I only loaned him the notes, and he put them for rent.   We agreed that the rent should be paid in work."

The testimony of the defendant is somewhat confusing and contradictory, but we think the question of actual consideration, the plaintiff not being a bona fide holder before maturity, should have been submitted to the jury.   I am of the opinion that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.